UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MOSE PERKINS (#107814)                                    CIVIL ACTION

VERSUS

LOUISIANA PAROLE BOARD                                    NO. 12-0780-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this  2ND  day of April, 2013.

                                            _____
                                            RICHARD L. BOURGEOIS, JR.
                                            MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MOSE PERKINS (#107814)**                                              **CIVIL ACTION**

**VERSUS**

**LOUISIANA PAROLE BOARD**                                       **NO. 12-0780-BAJ-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Rayburn Correctional Center, Angie, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against the Louisiana Parole Board,[1] complaining that his parole revocation proceedings in May, 2009, were constitutionally deficient and that he should be entitled to receive credit toward the length of his sentence for time spent on supervised release.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought in forma pauperis by a prisoner against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" Id. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal

---

[1] The Caption of the plaintiff's Complaint names the Louisiana Parole Board as the sole defendant, whereas in Part III(B) of the Complaint, the plaintiff identifies the defendant to be the unnamed Louisiana Parole Board Chairman. This Court will address the plaintiff's claims as though asserted against both potential defendants.

interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. Id.; Ancar v. SARA Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed. See Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986).

In his Complaint, the plaintiff alleges that he was convicted of forcible rape in July, 1984, and was sentenced to serve 21 years in confinement. He was thereafter convicted of forcible rape in October, 1984, and sentenced to serve 10 years, 2 months and 10 days in confinement. He was released subject to parole supervision on an unstated date but was re-arrested in April, 1996, for having absconded from supervision.[2] He was again released subject to parole supervision in June, 2000, and he entered into an "interstate compact agreement" which allowed him to reside in the State of Mississippi, under the supervision of that state. Notwithstanding, he was again arrested in March, 2009, and was again accused of absconding from supervision because his last contact with his parole officer had been in May, 2004. The plaintiff asserts that he waived a preliminary revocation hearing and was provided with a final revocation hearing on May 28, 2009, at which time the Louisiana Parole Board voted to revoke his parole, thereby requiring him to serve the time remaining on his sentence(s).

The plaintiff filed an appeal of the Parole Board's decision in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, contending that "his due process rights were violated at his revocation hearing, .... he did not abscond supervision, he should have

---

[2] The recitation of the plaintiff's history of conviction, sentencing, supervised release and re-arrest for absconding is taken from his Complaint.

received credit on his sentence for time spent on parole supervision, his interstate compact agreement is invalid, he should have received a 90 day turnaround in lieu of revocation, he was denied his right to counsel ... and he was denied his right to confront witnesses at his revocation hearing."[3]  This appeal was rejected on August 11, 2010, as untimely pursuant to La. R.S. 15:574.11(d), having been filed in February, 2010, more than 90 days after the revocation decision of May 28, 2009.  The plaintiff appealed this determination to the Louisiana Court of Appeal for the First Circuit, which affirmed the trial court's decision on May 2, 2012.  See Perkins v. Louisiana Parole Board, 2012 WL 1550607 (La. App. 1st Cir., May 2, 2012).  The plaintiff's application for supervisory review before the Louisiana Supreme Court was thereafter denied on September 28, 2012.  Perkins v. Louisiana Parole Board, 98 So.3d 835 (2012).

In the instant proceeding, the plaintiff again asserts that the Parole Board should have determined that he did not abscond from supervision and should have determined that, instead of revocation, he was eligible for a limited 90-day period of confinement for "a first technical violation of the conditions of parole" pursuant to La. R.S. 15:574.9.  The plaintiff also asserts that he was denied due process at his revocation hearing in several respects and that he should be provided with credit against his sentence(s) for time spent on supervised release.  He also contends that the state courts erred in determining that his appeal of the Parole Board's decision was untimely.  He prays for a determination (1) that the 90-day turnaround period of confinement set forth in La. R.S. 15:574.9 is applicable, (2) that he is entitled to credit against his sentence(s) for time spent on supervised release, and (3) that he is entitled to a new computation of his release date and "an immediate release" from confinement.

The plaintiff's claim fails in several respects.  First, the plaintiff has named the Louisiana Parole Board as a defendant herein.  Under the Eleventh Amendment to the United States Constitution, however, an unconsenting State is immune from any lawsuit seeking monetary

---

[3] This recitation is taken from a copy of the Report of the state court Commissioner, which is provided as an attachment to the plaintiff's Complaint.  See rec.doc.no. 1-1, pp. 14-15.

damages or equitable relief brought in federal court by her own citizens as well as by citizens of other states. Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Although Congress has the power to abrogate this immunity through the Fourteenth Amendment, it has not done so as to claims for the deprivation of constitutional civil rights under color of state law. See Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976); Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); Edelman v. Jordan, supra. Thus, absent consent or waiver by the State of Louisiana, not here present, the State is immune from suit in this action. This shield of immunity extends to the Louisiana Parole Board as an arm or agency of the State. See McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995). Accordingly, the plaintiff's claim asserted against the Louisiana Parole Board is barred by the Eleventh Amendment and must be dismissed.

Turning to the plaintiff's claim asserted against the unnamed Parole Board Chairman, the Court concludes that this claim, as well, is not properly before this Court. Specifically, if a prisoner challenges a single parole board hearing as constitutionally defective, and seeks either a new hearing or an immediate or earlier release from confinement, he must pursue his claim in a federal habeas corpus proceeding after exhaustion of state court post-conviction remedies. Serio v. Members of the Louisiana State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987). This is so even if the result of such a challenge would not entitle the plaintiff to earlier release but would only entitle him to a new hearing with proper procedural protections. Id. In the instant case, the plaintiff prays for relief in the form of a reversal of the Parole Board's decision, a re-calculation of his release date, and an "immediate release" from confinement. As such, he challenges the specific outcome of his parole revocation proceedings and seeks a new hearing in connection therewith. Pursuant to Serio, the plaintiff must pursue this claim in a federal habeas corpus proceeding. Accordingly, the instant claim is not properly before the Court and must be dismissed.[4]

---

[4] The Court further notes that inasmuch as the plaintiff was apparently convicted in Concordia Parish and is currently confined in Washington Parish, both of which Parishes are

RECOMMENDATION

It is recommended that the plaintiff's action be dismissed as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(g) and 1915A, without prejudice to the plaintiff's right to seek federal habeas corpus relief after exhaustion of state court remedies.[5]

Baton Rouge, Louisiana, this 2nd day of April, 2013.

RICHARD L. BOURGEOIS, JR.
MAGISTRATE JUDGE

---

located within the Western District of Louisiana, the appropriate venue for the plaintiff's habeas corpus proceeding would be in the Western District pursuant to 28 U.S.C. § 2241(d).

[5] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."